UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.	                                  Case No. 19-20216
                                          Honorable Victoria A. Roberts

D-3 URIEL GALVAN-MACIEL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR INTERPRETATION OF COURT DOCUMENTS INTO SPANISH [ECF NO. 396]

### I. Introduction

A federal grand jury indicted Uriel Galvan-Maciel ("Galvan-Maciel") and thirteen others for their alleged participation in a drug distribution conspiracy. Galvan-Maciel pled guilty and is awaiting sentencing. He filed a motion on December 13, 2021, seeking to have all court documents translated from English into his native language, Spanish.

The Court **DENIES** Galvan-Maciel's motion.

### II. Background

On June 4, 2019, the government filed a superseding indictment alleging that Galvan-Maciel and nine co-defendants participated in a drug

1

distribution conspiracy. The government charged Galvan-Maciel with two counts: (Count One) 21 U.S.C. § 846 – conspiracy to possess with intent to distribute a controlled substance; and (Count Three) 21 U.S.C. § 841(a)(1) – possession of a controlled substance with intent to distribute. On October 4, 2019, Galvan-Maciel signed an acknowledgment that he received the superseding indictment and that he read and understood its contents. [ECF 107].

The government then filed a second superseding indictment, which merely added four more co-defendants. [ECF No. 242]. Galvan-Maciel signed an acknowledgment of this indictment as well.

On April 29, 2021, Galvan-Maciel appeared before the court and pled guilty to Count One. An interpreter assisted him at the hearing.

His current attorney, Haralambos Mihas, does not speak or understand Spanish. He claims that Galvan-Maciel does not speak or understand English. The Court ordered that he have a Spanish speaking interpreter. [ECF No. 386].

**III.   Analysis**

The Court appointed Mr. Mihas to represent Galvan-Maciel after his plea hearing. The Court granted Mr. Mihas' motion for an interpreter.

Approximately two months after the Court granted the motion for a Spanish speaking interpreter, Galvan-Maciel filed this motion requesting that all orders, pleadings, and discovery be translated into Spanish. Galvan-Maciel says this translation that he requests will help him understand the complexities of his rights and legal obligations. [ECF No. 404].

His case began nearly three years ago. This is the first time that Galvan-Maciel has requested translations. This request comes after his plea hearing and other critical stages of the case. He does not argue that a language barrier impaired his ability to defend himself or enter a knowing plea. He does not claim a constitutional violation. Nor does Galvan-Maciel argue that his interpreters provided inadequate or ineffective interpretations.

Instead, he says the document translations will assist in three ways: (1) he may be able to indicate a willful and knowledgeable plea; (2) help him understand the terms and conditions of his sentencing; and (3) ensure effective assistance of counsel. [ECF No. 396]. Importantly, Galvan-Maciel has already indicated a willful and knowing plea, and the Court is mystified that this would be one of the bases for this motion.

The government is indifferent to the request. "The United States takes no position as to [Galvan-Maciel's] request." [Government's response briefing ECF No. 397; PageID. 1].

The Court Interpreters Act directs the presiding judge to utilize the services of a certified interpreter if the judge determines that the defendant in a criminal case speaks only or primarily a language other than English and the native language inhibits the defendant's comprehension of the proceedings or communication with counsel or the presiding judicial officer. 28 U.S.C. § 1827(d)(1). Because Galvan-Maciel's primary language is Spanish, the Court provided him a certified interpreter at all hearings – initial appearance, arraignment, and plea hearing. The Court provided him with an interpreter notwithstanding his counsel's representation to the court during his initial appearance on September 27, 2019, that he did speak English. [ECF No. 101; Audio File].

The Act does not require courts to translate documents. Galvan-Maciel has not provided, and this Court cannot find, authority for the proposition that the Court is required to order the translation of court documents. Several circuits ruled on an identical issue. These courts held that a criminal defendant does not have a constitutional right to have court

4

documents translated into his or her native language. *United States v. Rubio*, 677 F.3d 1257, 1262 (D.C. Cir. 2012); *see also United States v. Celis*, 608 F.3d 818, 840-41 (D.C. Cir. 2010); *United States v. Gonzales*, 339 F.3d 725, 729 (8th Cir. 2003); *Canizales-Satizabal v. United States*, 1995 WL 759472 *1 n. 2 (7th Cir. 1995). "Rather, whether to order translations is entrusted to the district court's discretion, based on a consideration of whether the defendant needs them to understand the evidence and charges against him, and to assist in [his] own defense." *Rubio*, 677 F.3d at 1262.

In *Rubio*, the defendant argued that equal protection and due process required the government to provide her with Spanish translations of "all charging documents, discovery [documents], plea agreements, and the pre-sentence report." The district court did not order the translation of the documents. The Court of Appeals affirmed. The Court looked at a few factors to conclude that the district court did not abuse its discretion: (1) the plea agreement and stipulated statement of facts were translated into Spanish; (2) Rubio stated that she discussed the plea agreement with her attorney and fully understood everything; (3) the district court judge went over the indictment to which she was pleading guilty, and she said she understood; and (4) Rubio never asked the district court for translations until

5

after sentencing. *Id*. at 1262. The majority, if not all, of these factors are present in this case.

In addition to having an interpreter at every hearing, Galvan-Maciel had bilingual counsel, Elias Escobedo, at his plea hearing. [ECF No. 200]. When Galvan-Maciel pled guilty, he signed the Rule 11 plea agreement acknowledging that he "read (or [was] read) the entire document, understands it, and agrees to its terms … Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer." [ECF No. 332].

Galvan-Maciel attested on numerous occasions that he understood the charges and the decisions he was making. He never once requested written translations of court documents. He argues in his motion that the translated documents will help him understand his plea agreement. This argument is foreclosed because of his signed acknowledgements and testimony at the plea hearing. The Court thoroughly questioned Galvan-Maciel during the plea hearing on April 29, 2021, in the presence of his interpreter, to ensure he understood the proceeding and knew what he was agreeing to.

Galvan-Maciel also requests the translations so he can understand the terms and conditions of his sentence; and so he can have better communication with his counsel. These arguments are undermined by the fact that the Court ordered that he have a Spanish speaking interpreter. [ECF No. 386]. Instead of translating thousands of written documents spanning a three-year period, his interpreter can ensure Galvan-Maciel understands the terms and conditions of his sentence and that there is effective communication between him and his counsel.

Not only has Galvan-Maciel failed to show that he has been prejudiced by not having the documents translated into Spanish, but any prejudice that may have existed because he has an English only speaking attorney was eliminated when the Court ordered an interpreter.

The Court **DENIES** Galvan-Maciel's motion requesting that orders, pleadings, and discovery be translated into Spanish.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: May 26, 2022